# EXHIBIT D



Joseph E. White III
jwhite@saxenawhite.com

February 2, 2010

William U. Parfet
Chairman of the Audit Committee
of the Board of Directors of Stryker Corp.
2825 Airview Boulevard
Kalamazoo, MI 49002

    Re: Formal Demand on the Board of Directors of Stryker Corp.

Dear Mr. Parfet:

This correspondence is submitted on behalf of Westchester Putnam Counties Heavy and Highway Laborers Local 60 Pension Fund ("Local 60") in connection with Local 60's prior demand letter dated July 31, 2008 and in response to your correspondence of August 15, 2008. In addition, this correspondence is also submitted on behalf of Laborers Local 235 Benefit Funds ("Local 235") in relation to Local 60's and Local 235's respective demands on the Board of Directors of Stryker Corp. ("Stryker" or the "Company").

### Local 60's Response to Mr. Parfet's Letter of August 15, 2008

As you are aware, Local 60's demand letter seeks to remedy any legal violations committed by the Company's current and former officers and directors (collectively referred to as the "Officers and Directors") arising out of an apparent scheme which caused the Company to enter into improper and illegal consulting and professional service agreements with orthopedic surgeons.

Mr. Parfet's letter of August 15, 2008 requested certain documentation and information to assist the Audit Committee in its review of the allegations in Local 60's demand letter. With regard to Local 60's ownership of Stryker common stock, Local 60 has been a continuous owner of Stryker common stock since May 2007, as evidenced by the stock purchase documentation listed below:

| LOCAL 60 STRYKER CORP SYK (863667101) PURCHASES | | | |
|---|---|---|---|
| Date | Units | Unit Price | Total Cost |
| 5/1/2007 | 200 | 65.27 | $13,054.00 |
| 5/1/2007 | 1000 | 65.27 | $65,270.00 |
| 5/1/2007 | 1300 | 65.27 | $84,851.00 |
| 12/6/2007 | 100 | 73.96 | $7,396.00 |
| 12/6/2007 | 100 | 73.96 | $7,396.00 |
| 6/9/2009 | 100 | 40.598 | $4,059.80 |
| 6/9/2009 | 100 | 40.598 | $4,059.80 |
| 6/9/2009 | 300 | 40.598 | $12,179.40 |
| 10/7/2009 | 100 | 44.33 | $4,433.00 |
| 12/23/2009 | 100 | 51.1 | $5,110.00 |
| 12/23/2009 | 150 | 51.1 | $7,665.00 |

With regard to the individuals against whom the Board should consider commencing litigation, as well as the claims that the Board should consider pursuing, the Board should initiate litigation on behalf of the Company against any of the Officers or Directors who have breached their fiduciary duties owed to the Company and its shareholders and/or violated other state or federal laws as a result of the misconduct complained of in Local 60's initial demand letter dated July 31, 2008. In addition, the Board should consider initiating claims on behalf of the Company under the Securities Exchange Act of 1934 against any offending Officer or Director.

Accordingly, Local 60 submits this additional information and documentation to assist the Board in initiating all appropriate litigation in response to the wrongful conduct and breach of fiduciary duties by the Officers and Directors described in the demand letter sent on July 31, 2008. Given the length of time that the Board has had to evaluate the issues raised in Local 60's initial demand letter, Local 60 will consider instituting legal action on behalf of the Company within 45 days of this correspondence of the Board does not independently address such issues.

### Local 235's Formal Demand on the Board of Directors of Stryker Corp.

In addition, this correspondence also serves as Local 235's formal demand on the Stryker Board of Directors, also seeking to remedy any legal violations committed by the Officers and Directors in connection with the conduct complained of in Local 60's demand letter. Local 235 has been a continuous holder of Stryker stock since at least January 6, 2006, as evidenced by the stock purchase documentation listed below:

2424 N. Federal Highway, Suite 257, Boca Raton, FL 33431   ph 561.394.3399   fax 561.394.3382   www.saxenawhite.com

February 1, 2010
Page 3 of 5

| Laborers Local 235 Benefit Funds STRYKER CORP SYK (863667101) |||| |||| 
|---|---|---|---|---|---|---|---|
| PURCHASES |||| SALES ||||
| Date | Units | Unit Price | Total Cost | Date | Units | Unit Price | Total Proceeds |
| 1/6/2006 | 2200 | 44.9372 | $98,861.84 | 12/13/2007 | 300 | 74.31 | $22,293.00 |
| 5/10/2007 | 600 | 64.637 | $38,782.20 | 6/24/2008 | 2200 | 61.81 | $135,982.00 |
| 7/16/2007 | 200 | 67.449 | $13,489.80 | 7/18/2008 | 200 | 65.285 | $13,057.00 |
| 7/16/2007 | 100 | 67.449 | $6,744.90 | | | | |
| 8/29/2007 | 100 | 66.29 | $6,629.00 | | | | |
| 11/7/2007 | 300 | 68.985 | $20,695.50 | | | | |
| 1/3/2008 | 500 | 73.74 | $36,870.00 | | | | |
| 1/24/2008 | 300 | 68.607 | $20,582.10 | | | | |
| 3/24/2009 | 100 | 32.428 | $3,242.80 | | | | |

As indicated in Local 60's initial demand letter (attached to this correspondence as Exhibit A), for the past several years, it appears that Stryker's Officers and Directors caused the Company to enter into illicit agreements with physicians which served as illegal inducements to use the Company's hip and knee joint replacement and reconstruction products. These agreements constituted violations of various federal civil and criminal laws, including the anti-kickback statute, the Foreign Corrupt Practices Act, and antitrust laws, and led to several governmental investigations of Stryker.

The wrongful and illegal conduct of the Company's Officers and Directors led to separate investigations by the United States Department of Justice ("DOJ"), the United States Securities and Exchange Commission ("SEC"), and the DOJ Antitrust Division. In order to resolve the DOJ's initial investigation, Stryker entered into a non-prosecution agreement which requires the Company to comply with certain standards and procedures in connection with the retention of and payment to orthopedic surgeon consultants.

In addition, on October 28, 2009, an indictment in the District of Massachusetts charged Stryker Biotech LLC and certain current and former employees of the Company with wire fraud, conspiracy to defraud the U.S. Food and Drug Administration (FDA), distribution of a misbranded device and false statements to the FDA. This indictment is currently outstanding and may lead to grave consequences for the Company.

During this period, Stryker's financial reports and press releases were materially false and misleading as a result of the illegal kickback scheme. The Company's Officers and Directors routinely misrepresented Stryker's true financial condition and future business prospects and omitted to tell the truth with respect to these matters. This information was false and misleading because it appears the Officers and Directors failed to disclose and misrepresented the following material adverse facts, among others:

1. that the Company had entered into consulting and professional service agreements with orthopedic surgeons, orthopedic surgeons in training, and medical school graduates;

February 1, 2010
Page 4 of 5

2. that such agreements served as financial inducements for the surgeons to use Stryker's artificial hip and knee reconstruction and replacement products;

3. that the illegal kickback scheme perpetrated by Stryker's Officers and Directors and other industry participants constituted violations of federal civil and criminal laws, including the anti-kickback statute and the Foreign Corrupt Practices Act;

4. that, as a result, Stryker's publicly disseminated financial reports and press releases during the Relevant Period were false and misleading and omitted material information; and

5. that the Company's internal controls were inadequate during the Relevant Period.

As a result of this illegal kickback scheme, Stryker has spent substantial sums in connection with the DOJ and SEC investigations and the Company faces significant exposure to SEC penalties, fines and legal liability. Although Stryker's Officers and Directors had engaged in the scheme throughout the Relevant Period, they failed to disclose to the investing public the truth regarding the Company's practices.

As you are aware, the Board of Directors owes a fiduciary duty to Stryker to supervise the practices of the Company and the issuance of its press releases and public filings to ensure that they were truthful and accurate and that they conformed to all applicable laws and regulations. It appears that the Board has breached their fiduciary duties by failing to properly supervise and monitor the adequacy of Stryker's internal controls, permitting the omissions to remain undisclosed, and allowing misleading statements and filings to be issued and disseminated.

The Company should not have to bear the enormous financial burdens, estimated by the Company to reach over $50 million per year over the next few years, caused by the actions of the Officers and Directors who appear to have breached their fiduciary duties to Stryker by issuing false and misleading statements on behalf of the Company and/or completely failing to discharge their oversight responsibilities. As a result of the conduct by the Officers and Directors, each one of them should be held accountable and liable to Stryker.

Accordingly, Local 235, in conjunction with Local 60's prior demand and on behalf of the shareholders of Stryker common stock, demands that the Stryker Board of Directors investigate and bring forward all appropriate legal action against any offending Director, Officer, or other person or entity who is found to have committed or participated in the wrongdoing described in this letter and in Local 60's demand letter.

Furthermore, Local 235 demands that the Company's Board of Directors implement the following measures (including bringing all appropriate legal action to enforce any such measures) to redress the wrongs complained of herein:

1. The Board should require the Officers and Directors to account to the Company for all damages sustained or to be sustained by the Company by reason of the wrongs and misconduct complained of herein;

2. The Board should require the Officers and Directors to return to Stryker all salaries, bonuses, and the value of other remuneration of whatever kind paid to them by the Company during the time they were in breach of the fiduciary duties they owed to Stryker; and

3. The Board should require the Officers and Directors to pay interest at the highest rate allowable by law on the amount of damages sustained by the Company as a result of their culpable conduct.

Local 235 is aware of Mr. Parfet's letter in response to Local 60's demand, as well as Mr. Parfet's representation in his letter that the Audit Committee is monitoring the Company's response to the issues raised in Local 60's demand letter. Accordingly, Local 235 does not expect, nor does it request, a formal response to its demand at this time. Rather, Local 235 would appreciate the courtesy of a response to its and Local 60's respective demands once the Board has had the opportunity to review the issues indicated in this correspondence and has decided whether to institute formal legal action against any offending Officer or Director.

We await your response following the Board's review of this matter, or at any time during the review process should our assistance be desired by the Board.

Very truly yours,

Joseph E. White III

Via: UPS Next Day Air

Tracking # 1Z27F8F71390731313